UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Evelyn M.,[1]

      Petitioner,

v.

Trina M. Swanson, *Field Office Director, SP-M Field Office, U.S. Citizenship, and Immigration Services ("USCIS")*; David Douglas, *District Director USCIS, District C32*; Ur M. Jaddou, *Director of USCIS*; Merrick B. Garland, *U.S. Attorney General*; and Alejandro Mayorkas, *Secretary of U.S. Department of Homeland Security*,

      Respondents.

File No. 23-cv-3478 (ECT/ECW)

**OPINION AND ORDER**

---

Karen Venice Bryan, KB Law Firm, Minnetonka, MN, for Petitioner Evelyn M.

James Cottrell Graulich, III, U.S. Department of Justice, Washington, D.C., and Lucas B. Draisey, U.S. Attorney's Office, Minneapolis, MN, for Respondents Trina M. Swanson, David Douglas, Ur M. Jaddou, Merrick B. Garland, and Alejandro Mayorkas.

---

      Petitioner Evelyn M. applied for permanent residency status, a precursor to naturalization as a United States citizen, and USCIS[2] granted her application in 2012. Evelyn then applied for naturalization in 2020. In reviewing Evelyn's naturalization application, USCIS discovered that Evelyn had failed to disclose important information in

---

[1]     In accordance with District policy, Petitioner is identified by reference to her first name and last initial.

[2]     USCIS is short for United States Citizenship and Immigration Services.

her previous permanent-residency application. As a result of this discovery, USCIS determined that Evelyn had willfully misrepresented material facts and had not been lawfully admitted to permanent residency. It denied her naturalization application on these grounds. In this case, Evelyn seeks de novo review of the denial. She asserts claims under the Immigration and Nationality Act's review provision, 8 U.S.C. § 1421(c), under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Respondents seek dismissal of the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Respondents' motion will be granted. Evelyn has not alleged facts plausibly showing that Respondents—or any of them—violated the Immigration and Nationality Act. This conclusion dooms Evelyn's claim under the Declaratory Judgment Act. And there is not subject-matter jurisdiction over her Administrative Procedure Act claim.

I

Before turning to the facts, the scope of the record from which the facts will be drawn deserves clarification. The general rule is that a federal court should not consider matters outside the pleadings in resolving a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d); *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). The same rule applies to a so-called "facial" challenge to subject-matter jurisdiction—that is, a challenge not supported by extra-pleading materials—which is the type of challenge Respondents bring here. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (noting that, in analyzing a facial challenge, a court "restricts itself to the face of the

pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." (citations omitted)). Regardless, the law is clear that several categories of documents beyond a pleading's allegations appropriately may be considered in resolving a Rule 12(b)(6) motion or a facial challenge to subject-matter jurisdiction. These include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Zean*, 858 F.3d at 526 (citation omitted).

Between them, Evelyn and Respondents have submitted nine exhibits in connection with the motion to dismiss, *see* ECF Nos. 1-1, 13, 20, and it is appropriate to consider all nine exhibits at this stage. Four exhibits may be considered because they are attached to Evelyn's Petition and Respondents do not dispute these four exhibits' authenticity. *See Zean*, 858 F.3d at 526. These four exhibits are: (1) Evelyn's Permanent Resident (or "Green") Card; (2) correspondence from USCIS dated April 28, 2023, denying Evelyn's naturalization application; (3) an affidavit dated August 29, 2023, filed by Evelyn in support of her administrative challenge to the denial of her naturalization application; and (4) correspondence from USCIS dated October 23, 2023, affirming the decision to deny Evelyn's naturalization application. *See* ECF No. 1-1 at 1–12. Three exhibits may be considered because they are incorporated by reference and integral to the claims asserted in Evelyn's Petition. *See Zean*, 858 F.3d at 526. These three exhibits are: (1) Evelyn's Form I-485 application, ECF No. 13-1; (2) Evelyn's Form I-360 petition, ECF No. 13-2; and (3) the report of a psychological evaluation supporting Evelyn's permanent-residency

application, ECF No. 20-3.  *See* Pet. [ECF No. 1] ¶¶ 2, 24, 28, 45.  The remaining two exhibits are USCIS notices provided to Evelyn.  ECF Nos. 20-1, 20-4.[3]  These documents appear to fall in the "matters of public record" category.  *See Zean*, 858 F.3d at 526.  The bottom line, then, is that the facts will be drawn from the Petition's allegations and all nine documents the parties submitted.

II

*Petitioner.*  Evelyn's own submissions create some confusion regarding her country of origin.  In the Petition, Evelyn alleges she is a citizen and native of Nigeria.  Pet. ¶¶ 11, 22.  Evelyn's application materials, however, indicate she is from Uganda.  *See* ECF No. 13-1 at 1, ECF No. 13-2 at 2, ECF No. 20-3 at 1–3.  Regardless, Evelyn has held permanent resident status in the United States since 2012.  Pet. ¶¶ 1, 22.

*Respondents.*  Respondents are five federal officials sued only in their official capacities.  *Id.* ¶¶ 12–16.  Trina M. Swanson is the USCIS Saint Paul-Minneapolis Field Office Director.  *Id.* ¶ 12.  Ms. Swanson denied Evelyn's naturalization application.  *Id.*  David Douglas is the USCIS District C32 Director.  *Id.* ¶ 13.  He possesses decision-making authority with respect to matters alleged in the Petition.  *Id.*  Ur M. Jaddou is the USCIS Director.  *Id.* ¶ 14.  Alejandro Mayorkas is the Secretary of Homeland Security.  *Id.* ¶ 15.  Merrick Garland is the Attorney General.  *Id.* ¶ 16.

*Evelyn's marriage to Steven M.*  Evelyn married Steven M., an American citizen, on November 26, 2003.  ECF No. 13-2 at 5.  Evelyn and Steven lived together in California

---

[3]     ECF No. 20-2 is duplicative of the affidavit at ECF No. 1-1 at 8–9.

from then until November 2007. *Id.* It is unclear whether or when Evelyn and Steven divorced. *See* ECF No. 20-3 at 2 (stating Evelyn was still legally married to Steven as of August 2010); ECF No. 1-1 at 8–9 (referring to Steven as Evelyn's "then-spouse" in August 2023, implying she had ceased to be Steven's spouse at some previous time).

*USCIS's denial of permanent resident card for Evelyn.* At some point during the marriage, Steven filed a Form I-130 Petition for Alien Relative. Pet. ¶ 28. If approved, the application would have entitled Evelyn to a Permanent Resident (or "Green") Card. *See I-130, Petition for Alien Relative*, USCIS, https://www.uscis.gov/i-130 (last visited May 28, 2024). USCIS denied the petition in 2009 "for failure to establish that [the] marriage was entered into in good faith and not solely for immigration purposes." ECF No. 1-1 at 5.

*Evelyn's relationship with Elijah M. in Minnesota.* Steven was abusive, and Evelyn occasionally traveled to Minnesota to escape Steven's abuse. Pet. ¶ 29; *see id.* at 12 ¶ 4. On one of her Minnesota visits, Evelyn began a sexual relationship with Elijah M. *Id.* ¶ 43; ECF No. 1-1 at 8. Evelyn and Elijah had two children together, both born in Minnesota. Pet. ¶ 29; ECF No. 1-1 at 5, 8. The children were born in November 2004 and October 2007, while Evelyn was married to Steven and purportedly living with him in California. ECF No. 1-1 at 5.

*USCIS's grant of permanent residency to Evelyn.* In September 2010, Evelyn filed a Form I-360 Petition for Amerasian, Widow(er), or Special Immigrant. *Id.*; Pet. ¶ 22. With a Form I-360, noncitizens may petition for lawful status as, among other things, a spouse of an abusive United States citizen. *I-360, Petition for Amerasian, Widow(er), or*

5

*Special Immigrant*, USCIS, https://www.uscis.gov/i-360 (last visited May 28, 2024). Significant here, though Evelyn had two children with Elijah when she filed her I-360 petition, *see* ECF No. 1-1 at 5, and though the Form I-360 requires a petitioner to list all her children, Evelyn did not list her two children with Elijah on her petition. *Id.*; ECF No. 13-2 at 11–13. USCIS granted Evelyn's petition. Pet. ¶ 22. Evelyn subsequently filed a Form I-485 application for an adjustment of status. *See* ECF No. 13-1. As with her I-360 petition, Evelyn did not list the two children with Elijah on the Form I-485. ECF No. 13-1 at 3. (To be clear, Evelyn listed three children she had adopted, but these did not include her two children with Elijah. *See id.*) USCIS approved Evelyn's I-485 application and adjusted her status to that of permanent resident on August 13, 2012. Pet. ¶ 22; *see* ECF No. 13-1 at 1.

*Evelyn's naturalization application.* In July 2020, Evelyn filed a Form N-400 Application for Naturalization with USCIS. Pet. ¶ 23. Evelyn listed her two children with Elijah on this form. *Id.* On November 18, 2021, Evelyn was interviewed under oath by USCIS to determine her eligibility for naturalization. ECF No. 1-1 at 5. To qualify for naturalization, an applicant must meet several criteria; these include, for example, being at least 18 years of age and demonstrating a basic knowledge of United States history and government. *Id.* at 4; *see also* 8 C.F.R. § 316.2(a). Relevant here, another of the naturalization requirements is to "[b]e lawfully admitted for permanent residence." ECF No. 1-1 at 4; *see also* 8 C.F.R. § 316.2(a)(2).

*USCIS's denial of Evelyn's naturalization application.* On April 28, 2023, USCIS determined that Evelyn was "not lawfully admitted for permanent residence" because she

6

"concealed and misrepresented materials facts" on her I-360 and I-485 applications. ECF No. 1-1 at 5; Pet. ¶¶ 1–2, 24. Specifically, USCIS found that Evelyn failed to disclose the existence of her two children with Elijah on the I-360, on the I-485, and during her psychological interview. ECF No. 1-1 at 5. USCIS found that Evelyn had given birth to the children in Minnesota, obtained a Minnesota driver's license, been cited for traffic violations around the Twin Cities, and listed addresses in Minneapolis on permit and license applications during the period she claimed to be living in California with her American husband. *Id.* at 5–6. USCIS concluded it therefore "erred in granting [Evelyn] adjustment of status to lawful permanent resident" because of the misrepresentations regarding her children and residency. ECF No. 1-1 at 7. Because Evelyn was not "lawfully" admitted as a permanent resident, USCIS concluded, she failed naturalization requirements; USCIS denied Evelyn's N-400 Application for Naturalization on April 28, 2023. *Id.*; Pet. ¶ 25.

*Administrative hearing on USCIS's denial of Evelyn's naturalization application.* On May 25, 2023, Evelyn requested an administrative hearing on the decision to deny her naturalization application. Pet. ¶ 27. The hearing was held August 30, 2023. *Id.* ¶ 28. Evelyn appeared at the hearing and submitted an affidavit attesting that she did not intend to conceal or misrepresent information about her children or residency. *Id.*; *see* ECF No. 1-1 at 8–9. In the affidavit, Evelyn testified that her counsel prepared the application and that Evelyn "signed the application without reviewing it thoroughly," leading to the children's omission. ECF No. 1-1 at 8. On October 23, 2023, USCIS affirmed its decision to deny naturalization on the same grounds as its initial decision—*i.e.*, Evelyn's

misrepresentations regarding her children and her residency in connection with her I-360 and I-485 applications. Pet. ¶ 30; ECF No. 1-1 at 10–12.

*This case.* Evelyn filed her Petition commencing this case in November 2023. She asserts four claims in the Petition against all Respondents. In Count I, Evelyn alleges Respondents violated the Immigration and Nationality Act. Pet. ¶¶ 34–46. In Count II, Evelyn alleges Respondents violated the Administrative Procedure Act. *Id.* ¶¶ 47–54. In Count III, Evelyn seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.* at 11–12, ¶¶ 1–5.[4] In Count IV, Evelyn asserts a claim for costs and attorney fees. *Id.* at 13, ¶¶ 6–10. For relief, Evelyn seeks an order vacating the denial of her naturalization petition and an order either granting her naturalization application or remanding the application to USCIS for further proceedings. Pet. at 13, ¶¶ a–b. Evelyn also requests entry of a preliminary injunction to maintain the status quo until the suit is concluded on the merits, *id.* at 14, ¶¶ c–g, though she has filed no motion seeking this relief.

### III

### A

Respondents seek a Rule 12(b)(6) dismissal of Evelyn's claim under 8 U.S.C. § 1421(c). The standards governing this aspect of Respondents' motion are familiar. In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation

---

[4] The Petition's paragraph numbering restarts on page 11, after ¶ 54.

omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*[5]

B

Lawful admission to permanent residency is a prerequisite to naturalization. 8 U.S.C. § 1429 ("[N]o person shall be naturalized unless [s]he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this chapter."); *see also* 8 C.F.R. § 316.2(a)(2) (requiring a citizenship applicant to

---

[5]   Section 1421(c) commands that the district court "shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." At least one district court within the Eighth Circuit has questioned whether these commands preclude a district court from dismissing a § 1421(c) petition under Rule 12(b)(6). *See Kulkarni v. Wolf*, No. 4:20-00089-CV-RK, 2020 WL 9065826, at *2 (W.D. Mo. May 28, 2020). The Second Circuit has answered this question. In *Chan v. Gantner*, that court held that a district court may in appropriate circumstances dismiss a § 1421(c) petition short of conducting a bench trial. 464 F.3d 289, 295–96 (2d Cir. 2006). Other circuit courts of appeals have reached or implicitly endorsed this same conclusion. *See Nanje v. Chaves*, 836 F.3d 131, 134–37 (1st Cir. 2016); *Abulkhair v. Bush*, 413 Fed. App'x 502, 507 n.4 (3d Cir. 2011); *Cernuda v. Neufeld*, 307 Fed. App'x 427, 431 n.2 (11th Cir. 2009); *see also Li v. Garland*, No. 21-cv-10601 (LJL), 2022 WL 17095250, at *7 (S.D.N.Y. Nov. 21, 2022); *Tellado v. Garland*, No. 21-21392-CIV-LENARD/LOUIS, 2021 WL 9440405, at *3 (S.D. Fla. Aug. 31, 2021). Based on these authorities—particularly the Second Circuit's rationale in *Chan*—I conclude it is appropriate to entertain Respondents' dismissal motion.

9

establish that she "[h]as been lawfully admitted as a permanent resident of the United States"). Past admission to permanent residency is not "lawful" if it was not "in substantive compliance with the immigration laws." *Injeti v. U.S. Citizenship & Immigr. Servs.*, 737 F.3d 311, 316 & n.2 (4th Cir. 2013) (collecting cases). And any alien who has procured admission to permanent residency "by fraud or willfully misrepresenting a material fact . . . is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i).

Here, the Petition's allegations, considered alongside materials that may properly be considered at the motion-to-dismiss stage, are self-defeating in that they establish Evelyn willfully misrepresented material facts and was not *lawfully* admitted to permanent residency. Because the Petition is self-defeating, it does not matter whether Evelyn bore the burden to plead her lawful admission, or whether her unlawful admission (or her misrepresentations and their consequences) are affirmative defenses that Respondents bear the burden to plead and prove. *See Miles v. Simmons Univ.*, 514 F. Supp. 3d 1070, 1075 (D. Minn. 2021) ("an affirmative defense . . . can only support a dismissal when the complaint is 'self-defeating.'" (citation omitted)).

1

The Petition and documents the Petition embraces establish that Evelyn misrepresented facts on her Form I-485 Application to Register Permanent Residence or Adjust Status. "A misrepresentation is a statement of fact that is untrue or a failure to disclose a fact in response to a specific question." *United States v. Hirani*, 824 F.3d 741, 748 (8th Cir. 2016) (quoting *Shipley v. Ark. Blue Cross & Blue Shield*, 333 F.3d 898, 904 (8th Cir. 2003)).

The relevant portion of the Form I-485 contains these instructions: "List your present spouse and *all your children* (include adult sons and daughters). (If you have none, write 'None.' If addition[al] space is needed, see Page 2 of the instructions.)" ECF No. 13-1 at 3 (emphasis added). In response, Evelyn listed her husband, Steven, and three adopted children from Uganda. *Id.* Evelyn did not list her two Minnesota-born children. *Id.* Evelyn signed the Form on October 27, 2010, *id.* at 7, when she had a five-year-old son and a three-year-old daughter with Elijah, *see* ECF No. 1-1 at 5. Evelyn does not allege, and nothing in the record suggests, that Evelyn disclosed these two children in some other way. To the contrary, Evelyn acknowledges she failed to disclose the children. *See* Pet. ¶ 31 ("counsel failed to include her two children on the forms and . . . she signed the forms without reviewing it [sic] thoroughly"); *id.* ¶¶ 44, 53 (describing the failure to disclose the children as an "omission."); *see also* ECF No. 1-1 at 8–9 ("I am addressing the issues related to my failure to disclose children born outside of my marriage, the discrepancy in my declared residence, and the mismatch in my psychology report.").[6]

2

The Petition and documents the Petition embraces establish that the misrepresentations were willful. "[A] misrepresentation or concealment is willful if it is deliberate and voluntary." *Hirani*, 824 F.3d at 747. Evelyn argues that her misrepresentations were not willful because her counsel prepared the Form I-485, and she

---

[6] At the hearing on Respondents' motion, Evelyn argued that an omission is not a misrepresentation. This is not correct. A "failure to disclose a fact in response to a specific question," *i.e.*, an omission, is a misrepresentation. *Hirani*, 824 F.3d at 748.

11

signed it "without reviewing it thoroughly." Pet. ¶ 31; ECF No. 1-1 at 8; *see* Pet'r Mem. in Opp'n [ECF No. 19] at 14–16. This is not persuasive. "The government is not required to prove intent to deceive," and an applicant's "signature under penalty of perjury . . . demonstrates that the misrepresentation was willful." *Hirani*, 824 F.3d at 749. In *Hirani*, the stakes were high: Mr. Hirani had been naturalized, and the issue before the district court was whether to revoke his citizenship due to a willful misrepresentation or concealment. *Id.* at 745. The Eighth Circuit affirmed the district court's grant of summary judgment against Mr. Hirani (stripping him of citizenship) under a higher standard than applies here. *Id.* at 746 (noting the "heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship" (citation omitted)).

Here, the I-485's signature page reads, "I can read and understand English, and I have read and understand each and every question and instruction on this form, as well as my answer to each question." ECF No. 13-1 at 7. Evelyn checked the box next to this statement, indicating it applied to her. *Id.* Further, the I-485's signature page states, "I certify, under penalty of perjury under the laws of the United States of America, that the information provided with this application [is] all true and correct. I certify also that I have not withheld any information that would affect the outcome of this application." *Id.* Evelyn signed the form despite not listing her two Minnesota-born children. *Id.* Evelyn's misrepresentations were made on a form signed under penalty of perjury and were therefore willful under *Hirani*.[7]

---

[7] Evelyn cites non-binding authorities to argue her misrepresentations were not willful. *See* Pet'r Mem. in Opp'n at 15–16. These authorities apply a different willfulness

12

3

The Petition and documents the Petition embraces establish that the misrepresentations were material. Materiality is a question of law. *Kungys v. United States*, 485 U.S. 759, 772 (1988). "A concealment or misrepresentation is material if it has that 'natural tendency to influence the decisions of the Immigration and Naturalization Service.'"[8] *Hirani*, 824 F.3d at 749 (quoting *Kungys*, 485 U.S. at 772). The test is "whether the misrepresentation or concealment had a natural tendency to produce the conclusion that the applicant was qualified." *Kungys*, 485 U.S. at 771–72. A misrepresentation tends to influence USCIS "if the true [fact] would predictably have disclosed other facts relevant to [the applicant's] qualifications." *Id.* at 774. A misrepresentation is material under 8 U.S.C. § 1182(a)(6)(C)(i) when it "tends to shut off a line of inquiry that is relevant to the alien's admissibility and that would predictably have disclosed other facts relevant to his eligibility

---

standard from the standard the Eighth Circuit applied in *Hirani*. *Ampe v. Johnson*, 157 F. Supp. 3d 1 (D.D.C. 2016), is a good example. There, a woman gained permanent-resident status through marriage, had two children with a man other than her husband, did not disclose the children, and was denied naturalization because of the misrepresentation. *Ampe*, 157 F. Supp. at 6–7. The district court denied a summary judgment motion because the government could not "demonstrate that there is no genuine dispute of material fact that Petitioner made those misrepresentations with the requisite state of mind." *Id.* at 11. The "state of mind" the court applied "involve[d] conscious wrong or evil purpose . . . or at least inexcusable carelessness." *Id.* This standard cannot be squared with the Eighth Circuit's holding in *Hirani* that an applicant's "signature under penalty of perjury . . . demonstrates that the misrepresentation was willful." *Hirani*, 824 F.3d at 749.

[8]   The Immigration and Naturalization Service ("INS") was the predecessor agency to USCIS, U.S. Customs and Border Protection, and Immigration and Customs Enforcement. INS was dismantled by the Homeland Security Act of 2002, 6 U.S.C. § 101, and responsibility for immigration services was reallocated to USCIS.

13

for a visa, other documentation, or admission the United States." *Matter of D-R-*, 27 I&N Dec. 105, 112–13 (B.I.A. 2017).

Courts have held that the failure to disclose children in the context of immigration proceedings is material. *See, e.g.*, *Segid v. United States Citizenship & Immigr. Servs.*, No. 1:20-CV-01228-SEB-DML, 2021 WL 4895322, at *3 (S.D. Ind. Oct. 20, 2021), *aff'd*, 47 F.4th 545 (7th Cir. 2022) ("An accurate listing of family members is a significant, material part of the consular officer's review of an immigrant's case when deciding whether a visa application is approved."); *Bijan v. United States Citizenship & Immigr. Servs.*, 900 F.3d 942, 946 (7th Cir. 2018) (describing an applicant's failure to list children with whom he had lost contact as a "glaring omission" and affirming denial of citizenship); *Toribio-Chavez v. Holder*, 611 F.3d 57, 60 (1st Cir. 2010) (denying a petition for review after the application was found inadmissible based on his "willfully misrepresenting a material fact, specifically by claiming that his marriage . . . was his first and failing to identify his children."). Here, consistent with these cases, Respondents point out that Evelyn's disclosure of her Minnesota-born children would have led USCIS to inquire regarding various matters, including marriage fraud, which in turn would have made Evelyn inadmissible. Resp'ts Mem. in Supp. [ECF No. 12] at 15. By omitting the children, Evelyn indisputably "shut off a line of inquiry" relevant to her admission.[9]

---

[9] Evelyn's claim under the Declaratory Judgement Act is based on the same allegations as her § 1421(c) claim—*i.e.*, that the denial of her naturalization application was contrary to law, and that Evelyn has met all requirements for naturalization. *See* Pet. at 11–12 ¶¶ 1–5. The claim seeks no relief that might conceivably be distinct from the § 1421(c) claim. *See id.* In these circumstances, the Declaratory Judgment Act claim

IV

Respondents' subject-matter-jurisdiction challenge targets Evelyn's claim under the Administrative Procedure Act (or "APA"). *See* Pet. ¶¶ 47–54. A court reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) must first determine whether the movant is making a "facial" attack or a "factual" attack. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). Here, Respondents advance a facial attack because their challenge accepts the Petition's allegations as true and depends only on materials that may appropriately be considered at the motion-to-dismiss stage. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Therefore, the same Rule 12(b)(6) standards govern Respondents' Rule 12(b)(1) challenge. *Osborn*, 918 F.2d at 729 n.6 (citations omitted).

Under the APA, a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, only "final agency action *for which there is no other adequate remedy in a court* [is] subject to judicial review." *Id.* § 704 (emphasis added). Where Congress has provided an adequate alternative remedy under another statute, the court lacks subject-matter jurisdiction over an APA claim. *Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011). The disputed question here is whether 8 U.S.C. § 1421(c), under which Evelyn asserts her claim in Count I, provides an "adequate remedy" in the relevant sense.

---

should be dismissed. *Am. Achievement Corp. v. Jostens, Inc.*, 622 F. Supp. 3d 749, 766 (D. Minn. 2022).

15

The United States District Court for the District of Columbia has held that Congress intended 8 U.S.C. § 1421(c) to be the "exclusive means of not just obtaining judicial review of the denial of a naturalization application, but also of claims arising out of or related to a denial." *Miriyeva v. U.S. Citizenship & Immigr. Servs.*, 436 F. Supp. 3d 170, 180–81 (D.D.C. 2019) (collecting cases), *aff'd*, 9 F.4th 935 (D.C. Cir. 2021). As the *Miriyeva* court noted, "[t]he few courts to have considered the issue . . . have all concluded that § 1421(c) provides an adequate remedy for APA and constitutional claims related to the denial of naturalization applications." *Id.* at 186 (collecting cases). Accordingly, the court held that "8 U.S.C. § 1421(c) bars plaintiffs from bringing their APA and constitutional claims." *Id.* at 179. It further found that the review provided by § 1421(c) is adequate, particularly due to its unique feature in agency law: de novo review. *Id.* at 184.

Citing *Miriyeva*, courts in this District have found that "Section 1421(c) is the only means for judicial review under the INA." *Alam v. United States Citizenship & Immigr. Servs.*, 592 F. Supp. 3d 810, 824 (D. Minn. 2022); *see also Abdirahman H. v. United States Citizenship & Immigr. Servs.*, No. 20-cv-2185 (WMW/TNL), 2021 WL 1577680, at *1 (D. Minn. Apr. 22, 2021) ("Title 8, United States Code, Section 1421(c), is the exclusive means to obtain judicial review of the denial of a naturalization application, as well as any claims arising out of or related to such denial."); *Hamod v. Kelly*, No. 16-cv-1191 (JRT/TNL), 2017 WL 8947276, at *8 (D. Minn. June 12, 2017) ("The APA does not authorize judicial review 'that adds to the sweeping de novo review' that [§ 1421(c)] provides." (citation omitted)), *report and recommendation adopted sub nom. Hamod v. Duke*, No. 16-cv-1191

16

(JRT/TNL), 2017 WL 3668762 (D. Minn. Aug. 24, 2017). *Miriyeva* is thorough and well-reasoned, and it will be followed here.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Respondents' Motion to Dismiss [ECF No. 9] is **GRANTED** as follows:

1. Count II of the Petition is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. The Petition is in all other respects **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 28, 2024

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court